**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KENNETH ROBERTS                                                        PLAINTIFF

V.                                    NO. 5:08CV00165-BD

MICHAEL  J. ASTRUE,
**Commissioner, Social Security Administration**                      DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Roberts has appealed the final decision of the Commissioner of

the Social Security Administration (the "Commissioner") denying his claim for Disability

Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and

Supplemental Security income ("SSI") under Title XVI of the Act.

**I.      Background:**

Plaintiff was thirty-nine years old at the time of the hearing, making him a

"younger individual" under 20 C.F.R. 404.1563.  (Tr. 846)  He had an eighth grade

education and past work experience as a saw operator, which the vocational expert

("VE") classified as semi-skilled, medium-to-heavy work.  (Tr. 870)  At the time of the

hearing, Plaintiff was living with this mother, brother, and his brother's wife.  (Tr. 867)

In his application, Plaintiff claimed disability due to diabetes mellitus.  (Tr. 20)  At

the hearing before the Administrative Law Judge ("ALJ"), Plaintiff testified that he

suffered from physical limitations due to high blood pressure, asthma, neuropathy, chest

pain, insulin-dependent diabetes, lower back pain, ankle pain, vision problems in his left eye, pain in his left shoulder, and acid reflux.  (Tr. 847-59)

## II.  ALJ's Decision:

The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)-(g) (2005), 416.920(a)-(g) (2005).

The ALJ found that Plaintiff had not engaged in substantial gainful activity, and that he suffered from severe impairments including: hypertension; type II diabetes mellitus; diabetic neuropathy of lower extremities; gastroesophageal reflux disease ("GERD"); asthma; degenerative joint disease of the spine; status post right lateral ligament reconstruction and osteochondritis dissecans debridement and drilling; status post resection of right sural nerve; and bilateral elbow pain and numbness.  (Tr. 13A) Plaintiff did not suffer from a "listed" impairment, or combination of impairments, according to the ALJ's findings.  (Tr. 13)   The ALJ determined that Plaintiff did not have

the residual functional capacity ("RFC") to perform his past relevant work.  (Tr. 16)  He found, based on the testimony of a VE, however, that there were a significant number of jobs in the national economy which Plaintiff could perform.  (Tr. 17)

III.   **Analysis:**

    A.   *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the administrative record to support the decision.  42 U.S.C. § 405(g).  "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion."  *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007).  In reviewing the record as a whole, the Court "must consider the evidence which detracts from the Commissioner's decision, as well as the evidence in support of the decision," but the decision cannot be reversed, "simply because some evidence supports a conclusion other than that of the Commissioner."  *Pelkey v. Barhart*, 433 F3d 575, 578 (8th Cir. 2006).

Plaintiff claims that the findings of the ALJ are not supported by substantial evidence because the ALJ improperly analyzed the factors set forth in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984), and failed to follow Social Security Ruling ("SSR") 96-7p when assessing credibility.  (Docket entry #19 at pp. 5-7, 9)  Plaintiff also complains that the ALJ erred in finding that Plaintiff had the RFC to perform light duty work and by failing to assess Plaintiff's non-exertional impairments.  (#19 at pp. 7-9)

3

B.    *Plaintiff's Credibility*

Plaintiff claims that the ALJ did not afford sufficient weight to Plaintiff's subjective complaints of pain, instability, and swelling in his right ankle; the effect of his medications; and the "intensity, persistence and limiting effects of the symptoms." (#19 at p. 7)  However, the ALJ acknowledged Plaintiff's subjective complaints and considered these complaints under the guidelines set out in *Polaski.* (Tr. 24)

The Commissioner has the initial duty of determining the credibility of claimants. *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).  If an ALJ discredits a claimant's testimony and gives good reason for doing so, that determination is normally entitled to deference.  *Id.* at 714.

In this case, the ALJ's conclusion is supported by substantial evidence in the record.  The ALJ noted that several of Plaintiff's impairments were controlled by medication.  (Tr. 15)  Plaintiff testified that his hypertension is controlled by medication. (Tr. 847)  Additionally, the ALJ considered medical records indicating that Plaintiff's asthma, GERD, type II diabetes mellitus, and neuropathic pain in his lower extremities were improved or controlled by medication.  (Tr. 15, 401-03, 413, 657)  See *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) (citations omitted)(impairments controlled by treatment or medication cannot be considered disabling).

The ALJ also considered the objective medical evidence in the record.  The medical evidence indicated that: (1) some of Plaintiff's impairments have improved or

4

resolved through injections or surgical procedures; (2) a nerve conduction study showed

no evidence of ulnar neuropathy; (3) Plaintiff had normal left ventricular function, a

normal heart size, and no acute cardiopulmonary problems; and (4) no physician had

placed a limitation on Plaintiff requiring that he elevate his feet.  (Tr. 15-16)

The ALJ also found that Plaintiff's daily activities were inconsistent with his

allegations of disabling pain.  (Tr. 15-16)  Plaintiff testified he prepares meals, launders

clothes, washes dishes, shops for groceries, attends church, and visits with family and

friends.  (Tr. 16, 79)  There is substantial evidence to support the ALJ's decision to

discount Plaintiff's testimony regarding the severity and disabling effect of his pain.

Plaintiff also argues that the ALJ failed to follow SSR 96-7p when assessing his

credibility.  Under SSR 96-7p, an ALJ must first assess whether the claimant has

established a medically determinable physical or mental impairment that could reasonably

be expected to produce the symptoms he or she complains of and then assess the extent to

which the intensity, persistence, and functionally limiting effects of the symptoms affect

the individual's ability to do basic work activities.  Soc. Sec. Rul. 96-7p, 1996 WL

374186, at *1 (July 2, 1996).  When making a credibility determination, the ALJ must

consider the individual's statements about symptoms along with the rest of the relevant

evidence in the case, including the objective medical evidence, statements of treating or

examining physicians and other people about the symptoms and how they affect the

individual.  *Id*.  The Rule also requires that credibility findings be supported by the

evidence in the record, and specifically state the weight given to the individual's

statements.  *Id*.

   In this case, the ALJ's credibility assessment complies with the requirements of

SSR 96-7p.  The ALJ determined that Plaintiff had several severe physical impairments.

(Tr. 13A)  The ALJ considered the objective medical evidence in the record, including the

results of an MRI, a nerve conduction study, and an x-ray.  He also considered the

statements of Plaintiff's treating orthopedic specialist, Ruth L. Thomas, M.D.; Plaintiff's

statements regarding his daily activities; and Plaintiff's brother's testimony.  The ALJ

specifically addressed the Plaintiff's statements and stated that, considering the other

evidence in the record, he did not find them "entirely credible."  He stated he did not give

any weight to Plaintiff's brother's statements because his statements were an "uncritical

acceptance of the claimant's complaints" and were "motivated by the desire to see the

claimant obtain benefits."  (Tr. 16)

   The ALJ's credibility analysis followed the requirements of SSR 96-7p and is

supported by substantial evidence.  See, e.g., *Guilliams v. Barnhart*, 393 F.3d 798, 801

(8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in

the record as a whole).

   C.    *Plaintiff's RFC*

   Plaintiff claims the ALJ erred by finding that Plaintiff had the RFC to perform

light duty work and by failing to assess Plaintiff's non-exertional impairments.  The

Defendant contends that the ALJ considered all of the evidence on the record and that the evidence as a whole supports the ALJ's RFC assessment. (# 26 at p.8-10)

"Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox v. Astrue*, 495 F.3d 614, 619-620 (8th Cir. 2007) (citing 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006)). "The ALJ should determine a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (citing *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004)).

In this case, the ALJ did not find that Plaintiff was capable of performing a full range of light duty work as suggested by the Plaintiff.  Instead, the ALJ found the Plaintiff has the RFC to:

> lift and carry up to 15 pounds occasionally; stand and walk for a total of 2 hours in an 8 hour work period, 30 minutes without interruption; sit for a total of 6 hours in an 8 hour work period, 2 hours without interruption; occasionally climb one flight of stairs, stoop, kneel, crawl; frequently balance; never crouch; push/pull 15 pounds; no significant impairment in the ability to handle, feel, see, hear, and speak; must avoid heights, chemicals, dust, and vibrations.

The ALJ found Plaintiff to be capable of light work but, considering all of the evidence in the record, added additional limitations to his RFC.  In doing so, the ALJ cited to substantial evidence in the record including: medical records of Plaintiff's treating

physicians.  He also referenced a 2005 MRI showing a "focal central protrusion at L5-S1 which does not cause significant mass effect on the spinal canal or neural foramina. Otherwise normal MRI lumbar spine." (Tr. 500A)  Additionally, the ALJ referred to a September 5, 2006 nerve conduction study which showed "no electrophysiologic evidence for ulnar neuropathy" (Tr. 596); a January 23, 2006 chest x-ray indicating normal heart size and vasculature and clear lungs (Tr. 229); a February 8, 2007 x-ray showing no acute cardiopulmonary problems (Tr. 722); and Plaintiff's testimony regarding his activities of daily living (Tr. 79).  (Tr. 15-16)  Finally, the ALJ noted that many of Plaintiffs impairments, including his hypertension, type II diabetes mellitus, GERD, and asthma, were controlled with medication.  (Tr. 15)

Plaintiff claims the ALJ failed to mention or discuss Plaintiff's testimony that he wears a boot brace daily.  However, the ALJ acknowledged that Plaintiff alleged that he must elevate his feet through the day and that he had worn a brace for his right ankle. The ALJ did not find any objective medical evidence supporting this "level of limitation." (Tr. 16)  The ALJ acknowledged that Dr. Thomas had recommended avoiding weight bearing for three weeks following Plaintiff's February 5, 2007 ankle surgery.  Dr. Thomas, however, did not indicate that Plaintiff needed to elevate his feet or limit his activity after that period.  (Tr. 16)

Based on the foregoing, the ALJ found, based on substantial evidence, that Plaintiff had the RFC to stand and walk for two hours in an eight-hour day.  See *Raney v.*

*Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) (none of claimant's treating physicians offered opinion she was so impaired or disabled she could not work any job); *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003) (lack of functional restrictions on activities is inconsistent with claim of disability); *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (ALJ may consider absence of such opinion by treating physicians).

Plaintiff also claims that the ALJ ignored his nonexertional limitations. Nonexertional limitations are those that affect a claimant's "ability to meet the demands of jobs other than the strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing, or pulling." 20 C.F.R. §§ 404.1569a(a), 416.969a(a). Plaintiff claims the ALJ failed to consider the pain caused by stooping, climbing, squatting and bending.

In determining Plaintiff's residual functional capacity, however, the ALJ engaged in a realistic assessment of Plaintiff's abilities and considered the extent to which Plaintiff could perform those activities on an occasional and frequent basis. After considering all of the evidence, the ALJ appropriately concluded that Plaintiff could only occasionally "climb one flight of stairs, stoop, kneel, crawl . . . [and] never crouch." While there is evidence in the record indicating Plaintiff may have other limitations, that evidence is derived solely from the Plaintiff's testimony and that of his brother, which the ALJ found to be not wholly credible.

IV.   **Conclusion:**

There is sufficient evidence in the record to support the Commissioner's

assessment that Plaintiff retains the capacity to perform work which exists in substantial

numbers in the national economy.  Accordingly, Plaintiff's appeal is DENIED.  The Clerk

is directed to close the case.

IT IS SO ORDERED this 7th day of July, 2009.

_____

UNITED STATES MAGISTRATE JUDGE